The applicant was once a corporator, for it was not imperative on the stockholders at their first meeting to strike off those who failed to pay. They did not do it; they received him and others without requiring payment; he voted with them as a corporator; in fact, their order of removal shows that he was, before the removal, one of their body. I shall pass over every other point made in the case but one; that is, that the applicant was removed by the stockholders at some meeting subsequent to the first, for failing to make payment, and this withoutany notice to him; for it may be considered as a removal by the stockholders; they recognize the act of the directory. It is a fundamental principle of our law, and recognized in every court of justice (and this corporation was a court when passing on the rights of its members), that no man shall be condemned or prejudiced in his rights without an opportunity of being heard. No matter how desperate his case may appear to be, the humanity of the law says, perchance he may have something to say in his defense. We will, therefore, not forestall him by saying he can allege nothing; but, after having heard him, will pass upon his case. For this reason, I think the mandamus should go; for, without prejudging the case, we do not know but that the applicant might have paid, or shown some satisfactory reason for not paying, or that he then might have paid, for it was not (282) even then too late. As to some cases which are to be found in Term Reports, that no notice is required when it appears clearly that the applicant has nothing to offer in his defense, for the present it is a sufficient answer to say that it does not appear that Delacy had nothing to offer, or could not, by paying the money, avert the forfeiture. When a case of that kind arises, it will then be time enough to examine the soundness of the doctrine. I am therefore of opinion that the Superior Court of Wake should issue a mandamus to the corporation, commanding it to restore the applicant to the rights of a corporator, or show cause to the contrary.
Cited: S. v. Jones, 23 N.C. 134; McCall v. Justices, 44 N.C. 303. *Page 143